# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOSE RAMIRO P. R.,[1]
(A Number: 218-035-639)

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

Case No. 1:26-cv-02437-KES-EGC (HC)

**FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS**

(Doc. 1)

21-DAY DEADLINE

Petitioner Jose Ramiro P. R. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On April 3, 2026, the Court converted the motion for temporary restraining order to a motion for preliminary injunction and granted said motion. (Doc. 8). Respondents were enjoined and restrained from re-detaining petitioner unless they demonstrated, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. (*Id.* at 2). The matter was referred to the undersigned for further proceedings including preparation of findings and recommendations on the petition or other appropriate action. (*Id.* at 3).

On July 8, 2026, the undersigned issued an order directing the parties to advise the Court whether they wished to stand on their submissions to date, or whether the parties wished to provide

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

additional briefing. (Doc. 12). On July 13, 2026, Respondents filed a Response to Court Order and Supplement to Opposition to Petition for Writ of Habeas Corpus. (Doc. 13). That same date, Petitioner filed his Response to Court Order and Opposition to Respondent's Request to Narrow the Scope of Permanent Injunctive Relief. (Doc. 14).

Petitioner alleges a Fifth Amendment due process violation and a violation of 8 U.S.C. § 1226(a). In the order granting the construed motion for preliminary injunction, the Court agreed with Petitioner. (Doc. 8 at 2). For the same reasons stated in the order, and in other previous cases, *see Crispin M.C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the undersigned finds that the petition should be granted.

**RECOMMENDATION**

For the foregoing reasons, the undersigned hereby RECOMMENDS that the petition for writ of habeas corpus, (Doc. 1), be GRANTED and the preliminary injunction entered on February 12, 2026 (Doc. 23) be converted into a permanent injunction implementing the writ, which shall remain in effect.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are

advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 28, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE